[THE STATE, EX REL.] FRESHOUR, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

[Cite as Freshour *v.* State (1988), 39 Ohio St. 3d 41.]

(No. 88-841—Submitted July 5, 1988—Decided October 5, 1988.)

*Paul Larry Freshour, pro se.*

*William H. Harsha,* prosecuting attorney, for appellee.

*Per Curiam.* R.C. 2945.71(E) requires that each day an accused is held in jail in lieu of bail pending trial be counted as three days for purposes of computing the time in which the accused must be brought to trial under

other provisions of that section. It does not require that each day of jail time be credited as three for purposes of reducing sentence. R.C. 2967.191 requires the Adult Parole Authority to reduce the minimum and maximum sentences of a prisoner by the total number of days that the prisoner was confined before trial, but that statute has no relation to the three-for-one provision of R.C. 2945.71(E). To be entitled to a writ of mandamus relator must demonstrate that he has a clear legal right to the relief prayed for and that the respondent is under a clear legal duty to perform the act requested. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81.

The court of common pleas, although not designated respondent herein, had no duty to grant the relief; the court of appeals had no duty to order it to do so; and the appellant had no clear legal right to the relief sought. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.