OPINION *Page 2 
{¶ 1} This matter is on appeal from the trial court's denial of appellant's motion requesting "three for one" credit for time served.
 STATEMENTS OF FACTS AND CASE {¶ 2} On June 5, 1997, in Richland County Court of Common Pleas, Case Number 97-CR-32-D, appellant pleaded guilty to one count of aggravated robbery, in violation of R.C. 2911.01, a first degree felony. Appellant was sentenced to serve a four (4) year prison sentence. The trial court further ordered appellant's four year sentence to run consecutively to a nine (9) year prison sentence imposed in Case Number 97-CR-261-D, for a total aggregate thirteen (13) year sentence.
 {¶ 3} On August 26, 1997, by judgment entry in Case Number 97-CR-32-D, the trial court granted appellant one hundred and two (102) days credit for time served.
 {¶ 4} On April 23, 2007, appellant filed a post-conviction "Motion for Triple-Count Mechanism Jail-Time Credit." In the motion appellant argued that pursuant to R.C. 2945.71(E) he is entitled to be granted a three day credit for every one day he served pending trial, sentencing and transfer. On April 25, 2007, the trial court denied appellant's motion and stated, "The court has previously granted Mr. Nesbitt 102 days of jail time credit. 3 for 1 jail time credit is for the purposes of time computations for the time a defendant must be brought to trial pursuant to R.C. 2945.71, et. seq. Mr. Nesbitt is only entitled to one day's credit for each day he spent in jail". It is from this judgment entry that appellant now seeks to appeal, setting forth the following assignment of error: *Page 3 
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT-APPELLANT'S MOTION FOR TRIPLE-COUNT JAIL TIME CREDIT. THE TRIAL COURT'S JUDGMENT ENTRY IS VOID OF ANY FINDING OF FACTS OR CONCLUSIONS OF LAW, NOR DID IT CITE ANY CITATIONS IN ITS DECISION."
 {¶ 6} In his assignment of error appellant argues that the trial court erred in denying his request to be credited three days for every one day he spent incarcerated pending trial, sentencing and transport. We disagree.
 {¶ 7} In support of his argument appellant cites R.C. 2967.191 and R.C. 2945.71(E). R.C. 2967.191 states in pertinent part as follows:
 {¶ 8} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 9} R.C. 2945.71 states in pertinent part as follows:
 {¶ 10} "(C) person against whom a charge of felony is pending: * * *
 {¶ 11} "(2) Shall be brought to trial within two hundred seventy days after his arrest.
 {¶ 12} "(D) A person against whom one or more charges of minor misdemeanor and one or more charges of misdemeanor other than minor misdemeanor, all of which *Page 4 
arose out of the same act or transaction, are pending, or against whom charges of misdemeanors of different degrees, other than minor misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial within the time period required for the highest degree of misdemeanor charged, as determined under division (B) of this section.
 {¶ 13} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.[1]
 {¶ 14} "(F) This section shall not be construed to modify in any way section 2941.401, or sections 2963.30 to 2963.35 of the Revised Code."
 {¶ 15} In State ex rel. Freshour v. State (1988), 39 Ohio St. 3d 41,528 N.E.2d 1259, the Supreme Court held that R.C. 2945.71(E) requires that each day an accused is held in jail in lieu of bail pending trial be counted as three days for purposes of computing the time in which the accused must be brought to trial under other provisions of that section. It does not require that each day of jail time be credited as three for purposes of reducing sentence. R.C. 2967.191 requires the Adult Parole Authority to reduce the minimum and maximum sentences of a prisoner by the total number of days that the prisoner was confined before trial, but that statute has no relation to the three-for-one provision of R.C.2945.71(E). State ex rel. Freshour v. State (1988),39 Ohio St. 3d at 42, 528 N.E.2d at 1260. *Page 5 
 {¶ 16} Accordingly the trial court did not abuse its discretion in denying appellant's "Motion for Triple-Count Mechanism Jail-Time Credit." Appellant's assignment of error is hereby overruled.
 {¶ 17} The Judgment of the Richland County Court of Common Pleas is hereby affirmed.
 By: Edwards, P. J. Farmer, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] R.C. 2945.71(C)(1) sets forth time requirements for holding preliminary hearings. *Page 1