[Cite as *State v. Ingram*, 2012-Ohio-1835.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97162**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL INGRAM

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-445047

**BEFORE:** Jones, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 26, 2012

**FOR APPELLANT**

Michael Ingram, Pro se
Inmate No. 461-569
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Katherin Mullin
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Michael Ingram, pro se, appeals the trial court's August 2011 judgment granting 77 days jail time credit. We affirm.

**{¶2}** The record before us demonstrates that in November 2003, Ingram was charged with two counts of drug trafficking with major drug offender specifications, one count of drug possession with a major drug offender specification, and possessing criminal tools. In January 2004, Ingram pleaded guilty to Count 1, amended to delete the major drug offender specification, in exchange for the remaining counts being dismissed. The trial court sentenced him to a mandatory ten-year prison term, with credit for time served. This court upheld the conviction and sentence in *State v. Ingram*, 8th Dist. No. 89954, 2008-Ohio-3033.

**{¶3}** In June 2011, Ingram filed a motion in the trial court for jail time credit. In his motion, Ingram contended that although the trial court granted him credit for time served at sentencing, it had not correctly calculated the amount of time he should be credited. Specifically, Ingram contended that he was not credited seven days, from November 6, 2003 to November 13, 2003, when he was held in the Cleveland city jail. Ingram also contended that under R.C. 2945.71, he should have been granted three days credit for each day he was confined awaiting trial. According to Ingram, he was held for 76 days, and was entitled to 228 days credit. In support of his motion, Ingram attached the appearance docket, showing that he was arrested on November 6, 2003, and remained

in jail through his indictment on November 13, 2003. It is undisputed that Ingram remained confined after he was indicted.

**{¶4}** In the August 1, 2011 judgment from which Ingram appeals, the trial court granted him 77 days of jail time credit. In his two assignments of error, Ingram contends that the trial court failed to give him credit for November 6, 2003 through November 13, 2006, and failed to grant him three days credit for each day he was confined awaiting trial.

**{¶5}** Upon review, the trial court properly calculated the amount of jail time credit to which Ingram was entitled. In November 2003, he spent 25 days confined awaiting trial (November 6 through November 30); in December 2003, he spent 31 days confined awaiting trial; and in January 2004, he spent 21 days confined awaiting trial. Thus, the trial court properly credited Ingram's jail time (25 + 31 + 21 = 77).

**{¶6}** Further, in *State ex rel. Freshour v. State*, 39 Ohio St.3d 41, 41-42, 528 N.E.2d 1259 (1988), the Ohio Supreme Court held as follows:

> R.C. 2945.71(E) requires that each day an accused is held in jail in lieu of bail pending trial be counted as three days for purposes of computing the time in which the accused must be brought to trial under other provisions of that section. It does not require that each day of jail time be credited as three for purposes of reducing sentence. R.C. 2967.191 requires the Adult Parole Authority to reduce the minimum and maximum sentences of a prisoner by the total number of days that the prisoner was confined before trial, but that statute has no relation to the three-for-one provision of R.C. 2945.71(E).

**{¶7}** Thus, on the authority of *Freshour*, Ingram was not entitled to three days credit for each day he was confined awaiting trial.

**{¶8}** In light of the above, Ingram's two assignments of error are overruled and the trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

PATRICIA A. BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR