[Cite as *State v. Smith*, 2017-Ohio-4124.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2016-L-107** |
| - vs - | : | |
| STANLEY T. SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2014 CRA 00965.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Michelle M. French,* Law Offices of Michelle M. French, LLC, 28 West Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Stanley T. Smith, appeals from the September 29, 2016 judgment of the Lake County Court of Common Pleas, denying his pro se motion for jail-time credit. Appellant's appointed, appellate counsel has filed a brief and requested leave to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant was served with the brief and subsequently filed a pro se appellate brief. After conducting

an independent review of appellant's case, we conclude the instant appeal is wholly frivolous and affirm the trial court's denial of appellant's motion.

{¶2} On May 30, 2014, appellant was indicted in Ashtabula County for illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041. See Ashtabula County Case No. 2014-CR-00207. Appellant entered an *Alford* plea and the trial court continued his bond, along with sentencing, pending a pre-sentence investigation report.

{¶3} On December 8, 2014, appellant was charged in Lake County with illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree. See Lake County Case No. 2014 CRA 00965. Appellant did not post bond and remained in the custody of the Lake County jail until January 27, 2015, when he was conveyed from Lake County to Ashtabula County for sentencing in the Ashtabula case. Appellant was sentenced to 30 months in that matter, with zero days of jail-time credit. He was then returned to Lake County for disposition of the Lake case.

{¶4} On April 14, 2015, appellant pleaded guilty to the Lake county charge and the case proceeded to sentencing on that date. The trial court ordered appellant to serve a 24-month term of imprisonment on the charge, to be served consecutively to the Ashtabula sentence. Appellant was given 50 days of jail-time credit.

{¶5} On June 3, 2015, appellant filed a pro-se motion for jail-time credit. The state duly opposed the motion and, on June 10, 2015, the trial court denied the motion. Subsequently, on September 26, 2016, appellant filed a successive pro-se motion for jail-time credit, asserting the same argument posed in his first motion. The state again

2

opposed the motion and, on September 29, 2016, the trial court denied the second motion. Appellant filed the instant appeal.

{¶6} On January 3, 2017, appointed appellate counsel filed a brief, pursuant to *Anders*, *supra*. In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶7} Pursuant to *Anders*, counsel's brief was properly served on appellant, who filed a merit brief. As a possible challenge, counsel posited the following:

{¶8} "Did the trial court err to the prejudice of the appellant by failing to grant the appellant the appropriate amount of jail time credit?"

{¶9} In his brief, appellant raised essentially the same error; to wit:

{¶10} "The trial court erred to the prejudice of appellant's rights to due process and equal protection of the law guaranteed by the United States and Ohio Constitutions by failing to grant appellant credit for all time spent in the custody of the sheriff prior to

3

delivering appellant into the custody of the Ohio Department of Rehabilitation and Corrections."

{¶11} We must first address whether the foregoing challenges are barred by the doctrine of res judicata. R.C. 2929.19(B)(2)(g)(iii) states that the "sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section." R.C. 2929.19(B)(2)(g)(iii) allows an offender "at any time after sentencing, [to] file a motion in the sentencing court to correct any error made in making a determination under division of (B)(2)(g)(i) of this section." Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit *only* on direct appeal. *See State ex rel. Rankin v. Ohio Adult Parole Auth.,* 98 Ohio St.3d 476, 2003-Ohio-2061, ¶10. Motions to correct errors made in determining jail-time credit filed outside the time allowed for direct appeal were barred by the doctrine of res judicata. *See, e.g., State v. Spillan,* 10th Dist. Franklin Nos. 06AP-50, 06AP-51, 06AP-52, and 06AP-750, 2006-Ohio-4788, ¶12. Pursuant to R.C. 2929.19(B)(2)(g)(iii), res judicata will not bar a motion to correct errors in jail-time credit filed after the time for appeal has passed; this, however, does not imply that res judicata is never applicable to such motions.

{¶12} On June 3, 2015, after the trial court entered sentence, appellant filed a motion for jail-time credit, which the trial court denied. Appellant did not appeal that judgment. Later, on September 26, 2016, appellant filed a second motion for jail-time credit. The trial court again denied the motion and appellant filed the instant appeal. Appellant had the right to appeal the judgment denying his first motion, but failed to do

4

so. Simply because res judicata does not operate to bar an initial, post-sentence motion for jail-time credit, does not imply the doctrine is inapplicable to *successive* motions. No injustice will result if res judicata is applied to bar appellant's second motion. Because the jail-time credit question is the only subject at issue in the underlying judgment, and that question is barred by res judicata due to appellant's failure to appeal the court's denial of his first motion, the instant appeal is wholly frivolous.

{¶13} Even assuming the jail-time credit issue is not barred by res judicata, the trial court did not err in denying the motion. On April 14, 2015, appellant was sentenced to 24-months imprisonment, with 50 days jail-time credit (from December 8, 2014, the day of his arrest in the underlying matter through January 26, 2015, the date he was conveyed to Ashtabula County for sentencing on a separate charge). The 24-month term was ordered to be served consecutively to his 30-month term ordered in the Ashtabula County case.

{¶14} R.C. 2967.191 provides, in relevant part: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced.*" (Emphasis added.) Appellant was confined as a result of the underlying offense from December 8, 2014 through January 26, 2015, i.e., 50 days. Had the trial court ran appellant's sentence in the underlying matter concurrently with the Ashtabula sentence, appellant would have been entitled to additional credit (from December 8, 2014 through April 14, 2015, the date of his sentencing in Lake County). *See State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856,

5

¶22 ("When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously.")  The trial court did not sentence appellant to concurrent terms and, as a result, appellant was entitled only to the 50-day credit.  The trial court did not err in denying appellant's motion.

{¶15} Our *Anders* review in the instant case is limited to the narrow issue of whether the trial court erred in denying appellant's motion for jail-time credit.  We hold, as a matter of law, the trial court properly denied that motion.  We therefore conclude the instant appeal is wholly frivolous.  The judgment of the Lake County Court of Common Pleas is hereby affirmed and counsel's motion to withdraw is granted.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


{¶16} I respectfully dissent based on my dissenting opinions in similar matters involving *Anders.  State v. Christian,* 11th Dist. Trumbull No. 2013-T-0055, 2014-Ohio-4882, ¶21-34; *State v. Spears,* 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶14-19; *State v. Burnett,* 11th Dist. Lake No. 2013-L-053, 2014-Ohio-1358, ¶29–34; *State v. Gibbs,* 11th Dist. Geauga No. 2012-G-3123, 2014-Ohio-1341, ¶37-42.