[Cite as *State v. Weideman*, 2018-Ohio-3108.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO

STATE OF OHIO,                                    :        **O P I N I O N**

              Plaintiff-Appellee,          :

    - vs -                                          :         **CASE NO.  2017-P-0059**

JOSEPH W. WEIDEMAN,                    :

              Defendant-Appellant.       :

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2013 CR 0433.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Joseph Weideman*, pro se, PID: A644-593, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, OH 44430 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}    Appellant, Joseph W. Weideman, appeals from the August 11, 2017 judgment of the Portage County Court of Common Pleas, which denied his "Motion Requesting the Trial Court to Apply his Jail Time Credit."  The judgment is affirmed.

{¶2}    On July 11, 2013, appellant was indicted on one count of operating a vehicle under the influence ("OVI"), in violation of R.C. 4511.19(A)(1)(a) & (G)(1)(e), a third-degree felony; one count of OVI, in violation of R.C. 4511.19(A)(1)(h) & (G)(1)(d), a third-

degree felony; and one count of driving under suspension, in violation of R.C. 4510.11, a first-degree misdemeanor. Both OVI counts were accompanied by an R.C. 2941.1413 specification, appellant having been convicted of five or more felony OVI offenses within the last 20 years of the date of the current offense.

{¶3} Appellant entered into a counseled plea bargain with appellee, the state of Ohio. On August 16, 2013, appellant submitted a written and oral plea of guilty to one count of OVI with an accompanying specification. The state entered a nolle prosequi on the remaining two counts.

{¶4} On October 1, 2013, appellant was sentenced to a five-year term of imprisonment for the underlying OVI offense and a three-year term of imprisonment for the specification, to run consecutively, for a total of eight years. Appellant was also assessed a $1,500.00 fine, and his license was suspended for 20 years. The trial court granted appellant 84 days of jail-time credit.

{¶5} On appeal, this court affirmed in part and reversed in part the trial court's entry on sentence in *State v. Weideman*, 11th Dist. Portage No. 2013-P-0100, 2014-Ohio-5768. Pursuant to R.C. 2929.14(B)(4) and (A)(3)(b), the trial court was only permitted to impose a term of 9, 12, 18, 24, 30, or 36 months for the underlying OVI offense. Thus, we held that appellant's five-year term of imprisonment for the underlying OVI offense was contrary to law. *Id.* at ¶23. We affirmed the three-year term of imprisonment for the specification and instructed the trial court, on remand, to "resentence appellant *only* on his underlying OVI conviction, pursuant to R.C. 2929.14(B)(4), to an additional term of either 9, 12, 18, 24, 30, or 36 months as outlined in R.C. 2929.14(A)(3)(b)." *Id.* at ¶32 (emphasis added).

2

{¶6} On remand, the trial court held a resentencing hearing. At the hearing, the court sentenced appellant to a three-year term of imprisonment for the underlying OVI offense but increased the term of imprisonment for the specification to five years, to run consecutively, for a total of eight years. Appellant's fine was also increased to $2,000.00, and his license suspension was increased to a lifetime suspension. The trial court also granted appellant credit for the 627 days he had thus far spent in jail and prison on the instant offense.

{¶7} On appeal, this court modified the trial court's resentencing entry and affirmed the entry as modified. *State v. Weideman*, 11th Dist. Portage No. 2015-P-0032, 2016-Ohio-2690. The trial court had exceeded its authority and our remand order when it resentenced appellant on the specification and increased the original fine and license suspension. *Id.* at ¶11-14. We modified appellant's sentence to reflect a 36-month term of imprisonment on the underlying OVI offense and a three-year term of imprisonment on the specification, to run consecutively, for a total of six years, and imposition of a $1,500.00 fine and 20-year license suspension as originally assessed. *Id.* at ¶33.

{¶8} On June 27, 2017 (and again on July 3, 2017), appellant filed a "Motion Requesting the Trial Court to Apply his Jail Time Credit," pursuant to R.C. 2967.191. Appellant requested the trial court apply 627 days of jail-time credit to both terms of imprisonment, i.e., he requested the trial court grant 627 days credit on the 36-month prison term for the OVI offense and 627 days credit on the consecutive three-year prison term for the specification. The trial court denied this motion without a hearing on August 11, 2017.

3

**{¶9}** Appellant filed a timely notice of appeal and raises one assignment of error for our review:

**{¶10}** "[The] trial court failed to apply 627 days of dead time credit [sic] to each of his statutorily stated prison terms."

**{¶11}** Appellant argues the trial court erred in denying his motion because he is entitled to 627 days credit on each of his stated prison terms. Appellee, the state of Ohio, responds that appellant's argument is barred by the doctrine of res judicata because appellant failed to raise the issue in one of his previous direct appeals.

**{¶12}** "We review the trial court's determination as to the amount of credit to which [a defendant] is entitled under the 'clearly and convincingly' contrary to law standard." *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶15, quoting R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1.

**{¶13}** The calculation of jail-time credit is governed by R.C. 2967.191: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." It is the trial court's obligation at the time of sentencing to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." R.C. 2929.19(B)(2)(g)(i).

**{¶14}** R.C. 2929.19(B)(2)(g)(iii) provides that "[t]he sentencing court retains continuing jurisdiction to correct *any error not previously raised at sentencing* in making a determination under division (B)(2)(g)(i) of this section." (Emphasis added.) R.C.

4

2929.19(B)(2)(g)(iii) further provides that "[t]he offender may, *at any time after sentencing*, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section[.]"  (Emphasis added.)

{¶15}  "Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit *only* on direct appeal. Motions to correct errors made in determining jail-time credit filed outside the time allowed for direct appeal were barred by the doctrine of res judicata."  *State v. Smith*, 11th Dist. Lake No. 2016-L-107, 2017-Ohio-4124, ¶11 (emphasis sic), citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶10, and *State v. Spillan*, 10th Dist. Franklin Nos. 06AP-50, 06AP-51, 06AP-52, & 06AP-750, 2006-Ohio-4788, ¶12. With the enactment of R.C. 2929.19(B)(2)(g)(iii), "[a] defendant is no longer required to contest a trial court's calculation of his jail-time credit in a direct appeal of his conviction; even if no appeal is pursued, the issue can still be asserted in a post-judgment motion." *State v. Watson*, 11th Dist. Trumbull No. 2017-T-0047, 2017-Ohio-8631, ¶8 (citation omitted); *see also State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶12.

{¶16}  Appellant did not raise any issue with the trial court's determination of jail-time credit at either his sentencing or resentencing hearing.  Thus, the doctrine of res judicata does not bar appellant's initial, post-sentence motion for jail-time credit.  *See Smith*, 2017-Ohio-4124, at ¶12.

{¶17}  Appellant's argument that the 627 days of jail-time credit should be applied to each of his consecutive sentences is, nevertheless, without merit.  "When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another.  Jail-time credit applied to one prison term gives full credit that is due, because

5

the credit reduces the entire length of the prison sentence." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶22; *see also id.* at ¶10, citing Ohio Adm. Code 5120-2-04(G), and *Smith*, 2017-Ohio-4124, at ¶14. The trial court did not sentence appellant to concurrent terms and, therefore, credit is not to be applied against each term. *Id.* The trial court did not err in denying appellant's motion.

{¶18} Appellant's sole assignment of error is without merit.

{¶19} The judgment of the Portage County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs in judgment only,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶20} Defendant-appellant, Joseph Weideman, was indicted on one count of operating a vehicle under the influence ("OVI"), in violation of R.C. 4511.19(A)(1)(a) & (G)(1)(e), a third-degree felony; one count of OVI, in violation of R.C. 4511.19(A)(1)(h) & (G)(1)(d), a third-degree felony; and one count of driving under suspension, in violation of R.C. 2941.1413. Both OVI counts were accompanied by an R.C. 2941.1413 specification, Weideman having been convicted of five or more felony OVI offenses in the past two decades. After two remands from this court, the trial court ultimately sentenced Weideman to a 36-month term for the underlying OVI offense and a three-year term for the specification, to run consecutively, for a total of six years. The court granted 627 days of jail time credit solely to the 36-month prison term for the OVI.

**{¶21}** On appeal, Weideman claims that the trial court wrongly denied his motion requesting that it apply his jail time credit to both terms of imprisonment. He asserts that it should grant 627 days credit on the 36-month prison term for the OVI and 627 days credit on the consecutive three-year prison term for the specification.

**{¶22}** The governing law is R.C. 2967.191. It states, in relevant part, "The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner . . . by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced."

**{¶23}** The Ohio Supreme Court case, *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856 held that a defendant serving *concurrent terms* is entitled to jail time credit on every sentence. But in dicta, the court wrote, "When a defendant is sentenced to consecutive terms . . . jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." ¶22. A DUI case, *State v. Whitaker*, 4th Dist. Ross No. 02CA2691, 2003-Ohio-3231, explains the rationale behind a court's decision to reject jail-time credit on every sentence for defendants serving consecutive sentences:

**{¶24}** "The defendant who was able to make bail will serve three years all post trial. Under Whitaker's argument, he would serve 172 days pretrial, but because he did not make bail, his post-trial time would be reduced by 344 days for a total post trial time of 1 year 214 days. Therefore, because we would be treating each day of his 172-day pretrial time as the equivalent of 3 days, Whitaker would, in fact, only serve a total of 2

7

years 21 days . . . This is not equal protection for those too poor to make bail, but instead a preference for not making bail."

{¶25} As this court decided in *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076 (Judge O'Toole, concurring), it is true that if a defendant receives a consecutive sentence while already serving time for another offense, he should not be eligible for jail-time credit for time served on that other offense. This would go against R.C.2967.191's mandate that the credit on time served must arise "out of the offense for which the prisoner was convicted and sentenced." Further, allowing such credit would essentially reward a defendant for committing multiple crimes.

{¶26} But in this case, Weideman was not serving time for another offense. Rather, he was in jail awaiting his trial, conviction, and subsequent sentencing on the OVI offense and the specification. He asks for jail-time credit for each of these two offenses. Thus, Weideman meets the requirements of R.C. 2967.191.

{¶27} While the case law cited above does not encourage reading R.C. 2967.191 to include consecutive sentences, there is no mandatory authority that bars us from following R.C. 2967's plain language in this case. R.C. 2967.191 does not distinguish between concurrent and consecutive sentences. It simply states that a defendant's prison term must be reduced by the number of days spent in custody "arising out of the offense for which the prisoner was convicted and sentenced."