[Cite as *State v. Sands*, 2019-Ohio-4925.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2019-L-022<br>2019-L-023 |
| JOSEPH A. SANDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case No. 06 CR 000401.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri E. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Joseph A. Sands, appeals from the judgments of the Lake County Court of Common Pleas, denying his motion for jail time credit and motion for the court to find it lacked jurisdiction. The issues to be determined in this case are whether a trial court errs when it does not give a defendant three days of jail time credit for each day of incarceration prior to trial and whether a defendant is barred by the doctrine of res judicata from raising an error relating to alleged perjured trial testimony

when it was not raised in a direct appeal. For the following reasons, we affirm the judgments of the lower court.

{¶2} On June 16, 2006, Sands was indicted by the Lake County Grand Jury for two counts of Engaging in a Pattern of Corrupt Activity, felonies of the first degree, in violation of R.C. 2923.32(A)(1); four counts of Conspiracy to Commit Aggravated Murder, felonies of the first degree, in violation of R.C. 2923.01(A)(1); and eight counts of Conspiracy to Commit Aggravated Arson, felonies of the second and third degree, in violation of R.C. 2909.02(A)(1) and (2) and 2923.01(A)(1). The charges arose from a plot by Sands to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. Following a trial, the jury found Sands guilty of one count of Engaging in a Pattern of Corrupt Activity, three counts of Conspiracy to Commit Aggravated Murder, and two counts of Conspiracy to Commit Aggravated Arson.

{¶3} In a December 11, 2006 Judgment Entry of Sentence, the court ordered Sands to serve a prison term of twenty years with credit for 159 days of time served.

{¶4} Sands' conviction and sentence were affirmed on direct appeal. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981.[1] In a subsequent appeal, this court found error in the imposition of post-release control. *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150. On remand, the trial court issued a Judgment Entry Nunc Pro Tunc, correcting its prior sentencing entry regarding post-release control.

---

1. Sands has filed several appeals with this court raising issues including alleged defects in the complaint and indictment and ineffective assistance of counsel, which have been found to lack merit. *State v. Sands*, 11th Dist. Lake No. 2012-L-096, 2013-Ohio-2822; *State v. Sands*, 11th Dist. Lake No. 2016-L-124, 2017-Ohio-5857; *State v. Sands*, 11th Dist. Lake No. 2017-L-009, 2017-Ohio-5860; and *State v. Sands*, 11th Dist. Lake No. 2017-L-104, 2018-Ohio-2457.

{¶5} On May 9, 2018, Sands filed a motion alleging the trial court lacked jurisdiction to pronounce its sentence because the court and prosecutor had allowed perjured testimony to be given at trial, rendering his conviction invalid. It was denied by the trial court as barred by res judicata in a February 11, 2019 Judgment Entry.

{¶6} On June 8, 2018, Sands filed a Motion for the Correct Jail Time Credit, arguing that the court failed to give proper jail time credit and he should have been given triple credit for days he was incarcerated prior to trial, claiming he was entitled to 735 days of credit. In a February 11, 2019 Judgment Entry, the trial court granted the motion in part, crediting Sands with an additional nine days due to an improper calculation, finding he was entitled to credit for 168 days in jail. It denied the remainder of the motion, finding the triple count provision to be inapplicable.

{¶7} Sands timely appealed from the February 11, 2019 judgments and the appeals were consolidated. On appeal, Sands raises the following assignments of error:

{¶8} "[1.] The trial court for Lake County Painesville Ohio, has committed prejudicial error, by not providing the appellant with the proper jail time credit per the three for one provision of R.C. 2945.71(E).

{¶9} "[2.] The trial court for Lake County Painesville Ohio, has committed prejudicial error, against the appellant, by allowing the prosecutor to solicit[], what the prosecutor knew to be perjured testimony of the state['s] only key witness, caus[]ing the state['s] trial proceeding to be tainted and unfair which divested the trial court of jurisdiction to pronounce sentence on case no. 06-CR-000401."

{¶10} In his first assignment of error, Sands argues that the trial court erred in

3

awarding jail time credit.

{¶11} "We review the trial court's determination as to the amount of credit to which [a defendant] is entitled under the 'clearly and convincingly' contrary to law standard." *State v. Weideman*, 11th Dist. Portage No. 2017-P-0059, 2018-Ohio-3108, ¶ 12, citing *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶ 15, quoting R.C. 2953.08(G)(2).

{¶12} We note that prior to the enactment of R.C. 2929.19(B)(2)(g)(iii) in 2012, an offender could only seek correction of a jail time credit error on direct appeal or the matter would be barred by res judicata. *State v. Smith*, 11th Dist. Lake No. 2016-L-107, 2017-Ohio-4124, ¶ 11. Pursuant to R.C. 2929.19(B)(2)(g)(iii), a defendant may raise the issue of jail time credit outside of a direct appeal in a post-judgment motion. *Weideman* at ¶ 15; R.C. 2929.19(B)(2)(g)(iii) (a sentencing court "retains continuing jurisdiction" to address jail time credit issues and may grant or deny a motion to correct such an error "at any time after sentencing"). This principle has also been applied where the defendant was sentenced before the enactment of R.C. 2929.19(B)(2)(g)(iii). *State v. Lynch*, 10th Dist. Franklin Nos. 15AP-123, et al., 2015-Ohio-3366, ¶ 10. Although Sands has filed several prior appeals, he has not previously raised the issue of jail time credit and we will consider the merits of this assignment.

{¶13} Sands' sole argument is that he was entitled to three days of jail time credit for each day he was held in jail pending trial pursuant to R.C. 2945.71(E).[2] This argument lacks merit.

---

2. Although the State argues that Sands was also not entitled to jail time credit for the period during which he was incarcerated for federal crimes and that he was not entitled to 735 days of credit, Sands does not dispute this issue. Sands' brief raises only the issue of whether he was entitled to credit relating to the "three for one provision," arguing: "The Appellant is asking this Honorable Appellate court to grant the proper jail time credit of 504 days," which is the 168 days awarded multiplied by three.

{¶14} R.C. 2945.71(E) states: "For the purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section," which set forth the time within which a defendant must be "brought to trial", "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." This section applies for the purpose of ensuring a speedy trial and does not mention jail time credit. The Ohio Supreme Court has held that R.C. 2945.71(E) "does not require that each day of jail time be credited as three for purposes of reducing sentence. R.C. 2967.191 requires the Adult Parole Authority to reduce the minimum and maximum sentences of a prisoner by the total number of days that the prisoner was confined before trial, but that statute has no relation to the three-for-one provision of R.C. 2945.71(E)." *State ex rel. Freshour v. Ohio*, 39 Ohio St.3d 41, 42, 528 N.E.2d 1259 (1988); *also State v. Ingram*, 8th Dist. Cuyahoga No. 97162, 2012-Ohio-1835, ¶ 6-7. Sands is not entitled to three-for-one credit for the days he was incarcerated prior to trial.

{¶15} The first assignment of error is without merit.

{¶16} In his second assignment of error, Sands argues that it was error to allow the prosecutor to present perjured testimony at trial and, given this error, the trial court was divested of jurisdiction to sentence him.

{¶17} "The doctrine of res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal." *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio-7124, ¶ 7; *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus ("a final judgment of

conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial * * * or on an appeal from that judgment"). Sands has filed several appeals in this case, including a direct appeal. He failed to raise this issue previously, although he acknowledges it was evident at trial that the witness in question may have been lying and thus, it could have been raised in his direct appeal. *See State v. Anderson*, 10th Dist. Franklin No. 12AP-516, 2013-Ohio-2454, ¶ 13 (where appellant alleged in a post-trial motion that a witness committed perjury because his trial testimony conflicted with that of other witnesses, this argument was barred by res judicata since it was not raised on direct appeal).

{¶18} To avoid the application of res judicata, Sands contends that his sentence was void and, thus, is properly subject to challenge. Void sentences are "not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." (Citation omitted.) *State v. Walker*, 11th Dist. Trumbull No. 2018-T-0024, 2018-Ohio-3964, ¶ 12; *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28. Generally, "a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or when the court acts without authority to do so and disregards the law." *State v. Lett*, 11th Dist. Lake No. 2017-L-169, 2018-Ohio-2351, ¶ 20, citing *Payne* at ¶ 27.

{¶19} Sands fails to present any argument supported by law that his sentence was rendered void because of alleged perjury that occurred during his trial. The court did not lack subject matter jurisdiction or authority to issue his sentence, as he was

6

properly before the court and convicted of the charges for which he was sentenced. *See State ex rel. Menton v. Sloan*, 11th Dist. Ashtabula No. 2017-A-0021, 2017-Ohio-7661, ¶ 16 ("claims of prosecutorial misconduct and perjured testimony * * * would not implicate the court's jurisdiction"). Res judicata is properly applied in the present matter. *State v. Sabbah*, 6th Dist. Erie No. E-18-015, 2019-Ohio-658, ¶ 10 (finding a claim of an alleged due process violation due to prosecutorial misconduct to be barred by res judicata).

{¶20} The second assignment of error is without merit.

{¶21} For the foregoing reasons, the judgments of the Lake County Court of Common Pleas are affirmed. Costs to be taxed against appellant.


MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.