[Cite as *State v. Watson*, 2017-Ohio-8631.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0047** |
| KALEN WATSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2005 CR 00830.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Kalen Watson*, pro se, PID: A521-107, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Kalen Watson, appeals the trial court's denial of his third motion for additional jail-time credit. We affirm as appellant's argument is barred under res judicata.

{¶2} In October 2006, appellant pleaded guilty to two counts of felonious assault, two accompanying firearm specifications, and one count of having a weapon

while under disability. The trial court ultimately imposed an aggregate prison term of thirteen years, with jail-time credit from the date of his indictment, November 8, 2005, until the date of the final judgment. Since appellant was not transferred from the county jail to the state penitentiary until January 2007, he was ultimately given 423 days of jail-time credit.

{¶3} Appellant did not pursue a direct appeal from his conviction. Instead, in October 2013, he moved the trial court for additional jail-time credit maintaining entitlement to 46 days covering the period from the date of his arrest, September 23, 2005, until the date of indictment. The trial court overruled the motion. Appellant did not appeal.

{¶4} Instead, in March 2015, he filed a second motion regarding the same 46 days. The trial court denied the second motion. Appellant untimely appealed, and his appeal was dismissed. *State v. Watson*, 11th Dist. Trumbull No. 2015-T-0066, 2015-Ohio-2904.

{¶5} Twenty months later, in March 2017, appellant submitted his third motion regarding the same 46 days. On April 25, the trial court again denied the motion.

{¶6} Appellant timely appeals, raising one assignment for review:

{¶7} "The trial court erred when it abused its discretion when it denied the appellant's motion for additional jail-time credit pursuant to the ruling in *State v. Fugate* and *State v. Caccamo*."

{¶8} A defendant is no longer required to contest a trial court's calculation of his jail-time credit in a direct appeal of his conviction; even if no appeal is pursued, the issue can still be asserted in a post-judgment motion. *State v. Smith*, 11th Dist. Lake

No. 2016-L-107, 2017-Ohio-4124, ¶11. "R.C. 2929.19(B)(2)(g)(iii) allows an offender 'at any time after sentencing, [to] file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section.'" *Id.* But, in interpreting R.C. 2929.19(B)(2)(g)(iii), *Smith* concluded that res judicata applies to successive post-judgment credit motions: "Simply because res judicata does not operate to bar an initial, post-sentence motion for jail-time credit, does not imply the doctrine is inapplicable to *successive* motions." (Emphasis sic). *Id.* at ¶12.

{¶9} After the trial court denied appellant's first motion for additional jail-time credit, he had the opportunity to fully contest that decision in an appeal to this court. Therefore, res judicata bars him from raising the same issue in successive motions or in an appeal from one of those motions.

{¶10} The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.