[Cite as *State v. Williams*, 2018-Ohio-3682.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-552 |
| v. | : | (C.P.C. No. 13CR-3222) |
| Jaye F. Williams, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 13, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

**On brief:** *Jaye F. Williams,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Jaye F. Williams, appeals from the decision of the Franklin County Court of Common Pleas denying his motion for jail-time credit. Williams has also filed a motion to move to judgment. We affirm the trial court and deny the motion as moot.

{¶ 2} Williams pled guilty to one count of operating a vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19. After violating the terms of his original sentence of five years of community control, the trial court sentenced Williams to two years of incarceration. (Feb. 23, 2017 Revocation Entry.) There was no direct appeal of the sentence.

{¶ 3} Acting pro se, Williams filed a motion for jail-time credit under R.C. 2929.19(B)(2)(g)(iii). (June 15, 2017 Mot.) The statute states that an "offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in

making a determination [of jail-time credit], and the court may in its discretion grant or deny that motion." R.C. 2929.19(B)(2)(g)(iii).

{¶ 4}   However, the statute only provides the trial court with jurisdiction to correct an "error not previously raised at sentencing." R.C. 2929.19(B)(2)(g)(iii). The trial court denied the motion on the grounds that Williams did not show that "the issue of jail-time credit" had not been raised at sentencing, and also stated he and the state had "**agreed** to the jail-time credit award of ZERO days." (Emphasis sic.) (July 11, 2017 Entry.) At the time Williams filed the motion, there was no transcript in the record of the sentencing hearing.

{¶ 5}   The state opposed the motion and this appeal, arguing that: (1) res judicata applies because Williams never filed an appeal from the judgment entry imposing sentence with no jail-time credit; and (2) Williams could not invoke the jurisdiction allowed by the statute for the trial court to examine the issue because the parties had "agreed to the amount of jail-time credit." (Appellee's Brief at 8.) Also, nothing in the record demonstrates error.

{¶ 6}   The First District Court of Appeals faced a similar appeal in *State v. Colbert*, 1st Dist. No. C-160866, 2017-Ohio-8559. In *Colbert*, the appellant failed to appeal his conviction and challenge the determination of jail-time credit. Subsequently, when filing a motion under R.C. 2929.19(B)(2)(g)(iii), the appellant did not point to anything in the record to show that an error in jail-time credit had not been raised at sentencing. *Id.* at ¶ 6. No transcript of sentencing existed in the record until after the trial court had overruled Colbert's motion. *Id.* at ¶ 7. The First District held that, without the transcript, no error was demonstrated that would give the trial court jurisdiction to consider the motion. *Id.* at ¶ 8.

{¶ 7}   As in *Colbert*, without a transcript, Williams "failed to invoke the jurisdiction under R.C. 2929.19(B)(2)(g)(iii) to correct jail-time credit," as there was no "transcript of proceedings demonstrating that the error had not been raised at sentencing" for the trial court to consider. *Id.* "Because the common pleas court had no jurisdiction to grant that relief, the motion was subject to dismissal." *Id.* The same principle applies in this case. Thus, we must affirm the trial court's decision overruling the motion for jail-time credit.

{¶ 8}   Nevertheless, it must be emphasized that res judicata does not prevent Williams from refiling the motion. The statute was amended in 2012 to prevent traditional res judicata principles from barring previously unconsidered errors in jail-time determinations. *See State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11 (noting

that prior to amendment, "an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal"). Now, however, a "sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of jail-time credit]." R.C. 2929.19(B)(2)(g)(iii).

{¶ 9} Furthermore, any previous agreement or stipulation to zero jail-time credit by Williams does not prohibit the exercise of the jurisdiction granted by the statute. It allows the trial court "to correct any error *not previously raised* at sentencing," and a stipulation to zero jail-time credit made at sentencing suggests that no error at all was raised. (Emphasis added.) R.C. 2929.19(B)(2)(g)(iii). Thus, Williams may refile the motion when a transcript of the sentencing proceeding demonstrates an error in the trial court's calculation of jail-time credit that needs correction. The judgment of the Franklin County Court of Common Pleas is affirmed and Williams' motion to move to judgment is denied as moot.

*Motion denied; judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

_____