[Cite as *State v. Moss*, 2019-Ohio-2167.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0101** |
| DAVID V. MOSS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CR 00137.

Judgment: Modified and affirmed as modified.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*David V. Moss,* pro se, PID: A684-335, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, David V. Moss, appeals the December 11, 2018 decision of the Ashtabula County Court of Common Pleas denying his motion for additional jail-time credit. For the reasons set forth herein, we modify the judgment and affirm as modified.

{¶2} In 2016, Mr. Moss pleaded guilty to four counts of endangering children, in violation of R.C. 2919.22(B)(4), felonies of the third degree, and one count of attempted felonious assault, in violation of R.C. 2923.02(A) and R.C. 2903.11(A)(1), a felony of the

third degree. He was sentenced to two consecutive years imprisonment on each count, for a total prison term of ten years.

{¶3} Mr. Moss timely appealed. This court affirmed the trial court's decision in an opinion dated April 24, 2017. *State v. Moss,* 11th Dist. Ashtabula No. 2016-A-0047, 2017-Ohio-1507, ¶4, appeal not allowed, 150 Ohio St.3d 1445, 2017-Ohio-7843.

{¶4} In June 2018, Mr. Moss filed a motion for additional jail-time credit, which was denied on December 11, 2018. Mr. Moss now appeals that decision and assigns one error for our review:

{¶5} "The trial court violated Moss' Constitutional rights when it denied Moss' request for all of his pre-sentence confinement (jail-time credit) to be applied to his sentence."

{¶6} The state, in rebuttal, argues that Mr. Moss' present appeal is barred by res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." (Citations omitted.) *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59.

{¶7} However, in 2016, the Supreme Court of Ohio held that though prior to the enactment of R.C. 2929.19(B)(2)(g)(iii) "[m]otions to correct errors made in determining jail-time credit that were filed outside the time allowed for appeal were barred by the doctrine of res judicata," after the enactment of the statute "an offender can file a motion to correct an error in determining jail-time credit 'at any time after sentencing' and the sentencing court has authority to correct any error in determining jail-time credit that

2

was 'not previously raised at sentencing.'" *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶¶11, 12, quoting R.C. 2929.19. While res judicata applies to successive motions regarding jail-time credit, it does not bar an initial, post-sentence motion for jail-time credit. *See State v. Watson*, 11th Dist. Trumbull No. 2017-T-0047, 2017-Ohio-8631, ¶8. As Mr. Moss is appealing the denial of his first motion for correction of jail-time credit, his appeal is not barred by res judicata and we evaluate his appeal on its merits.

{¶8} ""We review the trial court's determination as to the amount of credit to which [a defendant] is entitled under the 'clearly and convincingly' contrary to law standard."" *State v. Garver*, 11th Dist. Lake No. 2016-L-069, 2017-Ohio-1107, ¶8, quoting *State v. Moore,* 11th Dist. Ashtabula No. 2015-A-0069, 2016-Ohio-3510, ¶15. An appellate court must modify or vacate sentences if it finds by clear and convincing evidence the record does not support trial court's findings. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶22.

{¶9} Mr. Moss cites *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, in support of his claim. In *Fugate,* the Supreme Court of Ohio found that the defendant was entitled to have his jail-time credit applied to his concurrently-run sentences. Mr. Moss seeks for the same rule to be applied to consecutive sentences, such as his, and asks that all the jail-time credit he was given be applied to each count. However, as the Court in *Fugate* expressly states, different rules apply to concurrent and consecutive prison terms. *Id.,* at ¶20. Moreover, as we previously held, "when offenders are serving consecutive terms, jail-time credit is to be applied only once." *State v. Lane*, 11th Dist. Lake No. 2017-L-046, 2017-Ohio-9335, ¶13.

3

{¶10} Thus, to the extent Mr. Moss seeks the application of his jail-time credit to each consecutively run count, his assignment of error is without merit.

{¶11} We also address Mr. Moss' assertion that he is entitled to a total of 16 days jail-time credit. The calculation of jail-time credit is generally governed by R.C. 2967.191, which provides, in pertinent part: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including * * * confinement while awaiting transportation to the place where the person is to serve the sentence."

{¶12} Mr. Moss contends that the trial court counted only six days jail-time credit when he was due 16 days. At his sentencing hearing on July 11, 2016, Mr. Moss was awarded six days jail-time credit; he asserts it should have also included the ten days he spent at the Ashtabula County Jail from July 10, 2016 to July 20, 2016 awaiting his transport to the Lorain Correctional Institution.

{¶13} First, we note that Mr. Moss' calculation of ten days awaiting transport is incorrect. He was sentenced on July 11, 2016, not July 10, 2016, and was not incarcerated on July 10, 2016. Furthermore, considering he was imprisoned at the Lorain Correctional Institution on July 20, 2016, he is not entitled to credit for that day. Thus, Mr. Moss spent eight days in jail awaiting transport. Combined with the six days jail-time credit granted by the trial court, Mr. Moss is entitled to a total of 14 days jail-time credit.

{¶14} R.C. 2929.19 states in pertinent part: "[i]f the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that

4

change to be delivered to the department of rehabilitation and correction without delay." Though it does not appear from the record that the trial court redetermined the number of days of jail-time credit to grant Mr. Moss the 14 days he was entitled to, the Ohio Department of Rehabilitation and Correction records nonetheless accurately reflect 14 days jail-time credit. Whether the court issued an order to the Ohio Department of Rehabilitation and Correction that did not become part of the record, or the Ohio Department of Rehabilitation and Correction calculated his jail-time credit on its own, the sentence Mr. Moss is serving correctly reflects the 14 days jail-time credit he is due.

{¶15} Mr. Moss' assignment of error is without merit.

{¶16} Therefore, we modify the judgment of the Ashtabula County Court of Common Pleas to reflect a 14-day jail-time credit and affirm the same as modified.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.