[Cite as *State v. Bryant*, 2020-Ohio-363.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-241 |
| v. | : | (C.P.C. No. 10CR-2887) |
| Terrell L. Bryant, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 4, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee.

**On brief:** *Terrell L. Bryant,* pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Terrell L. Bryant, appeals a judgment of the Franklin County Court of Common Pleas entered on April 5, 2019, denying his motion for additional jail-time credit. Following *State v. Thompson*, R.C. 2929.19(B)(2)(h)(iii) retroactively grants a court discretion to grant a motion for jail-time credit if the alleged error in jail-time credit was not raised at sentencing. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 10-12. Further, Bryant was awarded 210 days of jail-time credit, yet placed evidence in the record showing that he was confined for 539 days of which, at most, 208 days were attributable to other reasons for confinement. In the absence of any evidentiary submission by the State to rebut Bryant's evidence, the trial court plainly erred in concluding that it had "no evidence" that Bryant had not been awarded appropriate jail-time credit. Both of Bryant's assignments of error are sustained and this case is reversed and remanded for further proceedings on the merits of Bryant's request for additional jail-time credit.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 13, 2010, a Franklin County Grand Jury issued an 89-count indictment against Bryant as a result of an armed robbery spree he committed apparently to fund his drug habit.  (May 13, 2010 Indictment; Nov. 2, 2011 Sentencing Tr. at 9-10, Ex. 2 to Mar. 6, 2019 Mot. for Credit.)  After initially pleading "not guilty," Bryant agreed to plead "guilty" to 9 counts of robbery (without gun specifications) and 2 counts of forgery, with an agreed recommendation of a 10-year sentence.  (Oct. 5, 2011 Plea Form; May 26, 2010 Plea Form.)  In exchange for his guilty pleas, the remaining 78 counts and all specifications were dismissed.  (Oct. 5, 2011 Plea Form.)

{¶ 3}   During sentencing, his counsel indicated that, based on his calculations, Bryant was due a total of 210 days of credit for time spent confined that was attributable to this case.  (Nov. 2, 2011 Sentencing Tr. at 4.)  Counsel did not explain the calculation other than to note, "[t]here is another matter in Ross County that was addressed in that case." *Id.* Counsel also noted, however, that the matter in Ross County was "part of the same crime spree" and did not discuss the relationship of the credit awarded to the Franklin County case. *Id.* at 5.  Plaintiff-appellee, State of Ohio, accepted the 210-day number, and the trial court adopted it. *Id.* at 12.

{¶ 4}   Ultimately, the trial court sentenced Bryant to the recommended sentence of 10 years and ran the sentence concurrent with the 6-year sentence imposed in the Ross County case.  (Nov. 8, 2011 Corr. Jgmt. Entry at 2.)  The trial court noted the parties' agreement that Bryant was entitled to 210 days of jail-time credit and certified that number to the Ohio Department of rehabilitation and Correction ("ODRC"). *Id.*

{¶ 5}   On March 15, 2013, Bryant moved for an additional 465 days of jail-time credit to fully account for what he claimed was 675 days he spent confined in the Franklin County jail.  (Mar. 15, 2013 Mot. for Credit.)  Bryant attached what purported to be arrest records from the Franklin County Sheriff's Office to substantiate the request.  (Arrest Records, attached to Mar. 15, 2013 Mot. for Credit.)  The trial court summarily found the motion "meritless" and denied it on August 12, 2013.  (Aug. 12, 2013 Entry.)  Bryant did not appeal.

{¶ 6}   Five years later, on August 17, 2018, Bryant again requested additional jail-time credit, this time placing his total confinement at 542 days and requesting that the 210-day credit be adjusted accordingly.  (Aug. 17, 2018 Mot. for Credit.)  Bryant also argued that

the court should take advantage of a newly enacted amendment to R.C. 2929.19 in order to extend jurisdiction to substantively consider his request. *Id.* at 3-5. Bryant attached an affidavit sworn by him relating the history of his pretrial confinement as well as a number of court records to help support the motion. (Exs. 1-5, attached to Aug. 17, 2018 Mot. for Credit.) The trial court denied this motion because Bryant did not establish that the issue of jail-time credit was "not previously raised at sentencing" and did not, in any case, establish an error in the credit calculation. (Oct. 1, 2018 Entry.) Bryant appealed but voluntarily dismissed his appeal. (Oct. 19, 2018 Notice of Appeal; Feb. 28, 2019 Dismissal Entry.)

{¶ 7} On March 6, 2019, Bryant filed a new motion for jail-time credit. (Mar. 6, 2019 Mot. for Credit.) He again argued that his total confinement was 542 days and again asserted that the court should take advantage of the amendment to R.C. 2929.19 in order to extend jurisdiction to substantively consider his request. *Id.* at 1, 5-6. In support of the motion, Bryant attached his own affidavit, a copy of his sentencing transcript, the arrest warrant return, the criminal docket in this case, an arrest record, the judgment entry in this case, the docket from his Ross County case, and a dismissal entry related to a Pike County case that was never indicted. (Exs. 1-8, attached to Mar. 6, 2019 Mot. for Credit.) These records, in conjunction with the appellate record in this case, suggest that Bryant was held on the Franklin County case underlying this appeal for approximately one and one-half years. (May 13, 2010 Detainer; May 20, 2010 Return of Service Executed, filed May 24, 2010; Nov. 3, 2011 Jgmt. Entry.) For a period of time near the start of that confinement, Bryant was held in Scioto County on a charge that was ultimately dismissed. (Bryant Aff. at ¶ 1, Ex. 1, attached to Mar. 6, 2019 Mot. for Credit.) In addition, during the confinement on this Franklin County case, Bryant was also indicted for and convicted of robbery crimes in Ross County. (Ross County Docket, Ex. 7, attached to Mar. 6, 2019 Mot. for Credit; Nov. 8, 2011 Corr. Jgmt. Entry at 2.)

{¶ 8} The State's opposition to Bryant's motion for credit consisted entirely of arguments about why Bryant's request should be foreclosed by his counsel's agreement that 210 days was the correct number and by principles of res judicata. (Mar. 15, 2019 Memo. Contra at 5-15.) The State engaged in no analysis of why Bryant's counsel calculated his

jail-time credit at 210 days when Bryant had been held for one and one-half years. *Id.* in passim.

{¶ 9} The trial court denied the motion for credit. (Apr. 5, 2019 Entry.) It reasoned that 210 days had been agreed to by the parties, that Bryant had not shown that the issue of jail-time credit was not raised during sentencing, that he had previously raised the issue on other occasions and not fully appealed, and that there was "no evidence" that Bryant had not been awarded appropriate jail-time credit. *Id.* at 1-2. Other than its assertion that there was "no evidence" that Bryant had not been awarded appropriate jail-time credit, the trial court did not attempt to reconcile the fact that Bryant received 210 days of credit but held for one and one-half years before being transferred to the custody of ODRC.

{¶ 10} Bryant now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Bryant alleges two assignments of error:

> [1.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR BY DENYING BRYANT'S MOTION FOR JAIL-TIME CREDIT PURSUANT TO *OHIO REVISED CODE* § 2929.19(B)(2)(h)(iii).
>
> [2.] THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO COMPLY WITH THE MANDATORY LANGUAGE OF *OHIO REVISED CODE* § 2929.19(B)(2)(h)(i).

(Emphasis sic.)

## III. DISCUSSION

### A. First Assignment of Error – Res Judicata and the Invocation of R.C. 2929.19(B)(2)(h)(iii)

{¶ 12} The Ohio Constitution requires that " '*all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence.' " (Emphasis sic.) *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7, quoting *Workman v. Cardwell*, 338 F.Supp. 893, 901 (N.D.Ohio 1972), citing *White v. Gilligan*, 351 F.Supp. 1012 (S.D.Ohio 1972); *see also* R.C. 2967.191 (codifying a statutory right to jail-time credit).

{¶ 13} In tension with the constitutional and statutory right to jail-time credit, there are two distinct obstacles to a defendant who seeks to correct his jail-time credit after direct

appeal: First, the trial court relinquishes jurisdiction following final judgment except to correct void judgments and clerical errors. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20. Second, res judicata provides the State with an equitable defense to preclude arguments that jail-time credit awarded was incorrect if the arguments were raised or could have been raised at trial or on direct appeal. *State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 7-9. Though analyses of these concepts are often taken together in cases involving jail-time credit, a court's jurisdiction and res judicata remain separate legal concepts. "Jurisdiction" refers to a court's power to hear a case (subject-matter jurisdiction) and to assert authority over the parties (personal jurisdiction). *In re L.H.*, 10th Dist. No. 06AP-23, 2006-Ohio-4116, ¶ 7. "Res judicata," by contrast, is a combination of issue preclusion and claim preclusion that one party may assert to estop the other from relitigating matters already decided. *Breeze* at ¶ 7, quoting *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7.

{¶ 14} The Supreme Court of Ohio has frequently recognized in relation to jurisdiction that " 'trial courts lack authority to reconsider their own valid final judgments in criminal cases.' " *Raber* at ¶ 20, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997), citing *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597 (1992). But it is long established that the trial courts "retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment." *Raber* at ¶ 20, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19. Among the clerical errors trial courts have historically retained jurisdiction to correct are "mathematical errors" in computing jail-time credit, and this Court has previously held that such corrections are also not to be foreclosed by res judicata. *State v. Canty*, 10th Dist. No. 15AP-715, 2015-Ohio-5241, ¶ 9; *State v. Lee*, 10th Dist. No. 11AP-721, 2012-Ohio-1761, ¶ 6; *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 573 (10th Dist.1991).

{¶ 15} Res judicata generally bars a criminal defendant from litigating claims after direct appeal if the issue was raised or could have been raised before the trial court or on a direct appeal from the trial court's judgment. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. However, res judicata does not apply automatically; it is an affirmative

defense that must be raised in order to avoid being forfeited,[1] the party asserting it usually bears the burden of showing entitlement to the defense,[2] and it does not apply so rigidly so as to "work an injustice."[3]

{¶ 16} In this case, in fall 2011, Bryant pled guilty, was sentenced, and the trial court entered judgment. (Nov. 8, 2011 Corr. Jgmt. Entry; Oct. 5, 2011 Plea Form.) He did not appeal. Thus, the trial court relinquished jurisdiction and the judgment became final. *Raber*, 2012-Ohio-5636, at ¶ 20.

{¶ 17} Bryant could have raised an error regarding jail-time credit in a direct appeal had he taken one. *Canty*, 2015-Ohio-5241, at ¶ 7, citing *State v. Inboden*, 10th Dist. No. 14AP-312, 2014-Ohio-5762, ¶ 11 ("Jail-time credit determinations can be challenged in a direct appeal."). He raised one error in jail-time credit on March 15, 2013, when he moved for a total of 675 days of credit. (Mar. 15, 2013 Mot. for Credit.) This motion was summarily denied (and Bryant did not appeal). (Aug. 12, 2013 Entry.) He raised a different error in jail-time credit 5 years later when he filed a motion requesting a total of 542 days of jail-time credit. (Aug. 17, 2018 Mot. for Credit.) This motion was also denied on res judicata grounds and with the conclusory statement that it did not establish an error in the credit calculation. (Oct. 1, 2018 Entry.) Bryant appealed but voluntarily dismissed his appeal so that he could refile the motion with a transcript showing what transpired at sentencing. (Oct. 19, 2018 Notice of Appeal; Feb. 28, 2019 Dismissal Entry; Mar. 6, 2019 Mot. for

---

[1] Res judicata is not contemplated directly in the Ohio Rules of Criminal Procedure and so Crim.R. 57 requires that we "look to the rules of civil procedure and to the applicable law." Crim.R. 57(B). Civ.R. 8 classifies "res judicata" as an "affirmative defense," and this is applicable in the criminal rule context under Crim.R. 57(B), providing, "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Caselaw also recognizes res judicata as being an affirmative defense. *State v. Lelux*, 10th Dist. No. 97APA10-1308, 1998 WL 303884, 1998 Ohio App. LEXIS 2547, *5 (June 11, 1998); *see also, e.g., State v. Williams*, 8th Dist. No. 103144, 2016-Ohio-2629, ¶ 9.

[2] The Supreme Court has held that "because res judicata is an affirmative defense * * * resolution of a res judicata defense typically requires resort to materials outside the pleadings." (Citations omitted.) *State ex rel. West v. McDonnell*, 139 Ohio St.3d 115, 2014-Ohio-1562, ¶ 16; *see also Midfed Sav. Bank v. Martin*, 12th Dist. No. CA91-12-202, 1992 WL 165143, 1992 Ohio App. LEXIS 3677, *6 (July 13, 1992), quoting *Freeman v. Beech Aircraft Corp.*, 12th Dist. No. CA80-11-119 (Sept. 30, 1983) (stating " 'the party relying on res judicata or collateral estoppel has the burden of showing that precisely the same issue was adjudicated in the prior case as arises in the subsequent case' ").

[3] The Supreme Court has held that res judicata (unlike lack of jurisdiction) is only to be " ' "applied in particular situations as fairness and justice require, *and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.*" ' " (Emphasis sic.) *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001), quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 386 (1995) (Douglas, J., dissenting), quoting 46 American Jurisprudence 2d, Judgments, Section 522, 786-87 (1994); *see also, e.g., State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶ 47.

Credit.) He has now raised the same request for 542 days (this time supported by a transcript and other documents to substantiate his claim). (Mar. 6, 2019 Mot. for Credit.) He has again been met with a flat denial of his motion because 210 days was agreed to by the parties, because he allegedly failed to show that the issue of jail-time credit was not raised during sentencing, because he had previously raised jail-time credit on other occasions and not fully appealed, and because the trial court believed there was "no evidence" that Bryant was not awarded appropriate jail-time credit in the first place. (Apr. 5, 2019 Entry at 1-2.) In short, Bryant has had ample opportunity to raise errors of jail-time credit and has done so on more than one occasion (though his attempts have never been substantively addressed). This is more than sufficient to show that res judicata (absent some exception) may preclude further review. *Inboden* at ¶ 7.

{¶ 18} However, effective on September 28, 2012, the legislature codified and expanded the common law exceptions to res judicata and the general relinquishment of jurisdiction when it enacted what is now contained in R.C. 2929.19(B)(2)(h)(iii):

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [regarding jail-time credit]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [regarding jail-time credit], and the court may in its discretion grant or deny that motion. * * * Sections [governing petitions for postconviction relief and motions for new trials] do not apply to a motion made under this section.

R.C. 2929.19(B)(2)(h)(iii); *see also* 2012 Am.Sub.S.B. No. 337.[4] The Supreme Court has recognized this expansion in stating that, before this new law, motions to correct jail-time credit were frequently "barred by the doctrine of res judicata" but, after the law became effective, "an offender can file a motion to correct an error in determining jail-time credit 'at any time after sentencing' and the sentencing court has authority to correct any error in determining jail-time credit that was 'not previously raised at sentencing.' " *See Thompson*, 2016-Ohio-2769, at ¶ 11-12, quoting former R.C. 2929.19(B)(2)(g)(iii). In other words, under *Thompson*, it is clear that Bryant's motion to correct jail-time credit was properly brought under revised R.C. 2929.19(B)(2)(h)(iii) and is not foreclosed by res judicata.

---

[4] Archived online at 2011 Ohio SB 337.

{¶ 19} Despite *Thompson*, the State argues that Bryant, whose sentence became final in 2011, may not take advantage of this statute because it has no retroactive application. (State's Brief at 10-13.) At one time, in the context of court costs and R.C. 2947.23(C), both this Court and the Supreme Court recognized that a trial court that relinquished jurisdiction before the enactment of a statute allowing it to "retain" jurisdiction could not reach back to retroactively reacquire jurisdiction. *State v. Braden*, ____ Ohio St.3d. ____, 2018-Ohio-5079, ¶ 21-22 (slip opinion); *State v. Banks*, 10th Dist. No. 17AP-210, 2017-Ohio-7135, ¶ 10, fn. 2. That is, a court could not "retain" what it had already relinquished, and the court in Bryant's case relinquished jurisdiction before the revision to R.C. 2929.19 in 2012. *Braden* at ¶ 21-22. However, that line of cases has been overruled on reconsideration of *Braden* in *State v. Braden*, ____ Ohio St.3d. ____, 2019-Ohio-4204 (slip opinion). Thus, the State's argument is not well-taken.

{¶ 20} The State also argues (and the trial court held) that, even if the statute applies to Bryant, he has not satisfied it because the issue of jail-time credit was raised during sentencing because it was discussed and agreed-upon at sentencing, according to the transcript, negating the statutory exception. (State's Brief at 15; Apr. 5, 2019 Entry at 1-2.)

{¶ 21} The statute does not require that a movant show that the subject of jail-time credit was not raised at all during sentencing—it only requires a movant to show "any **error** not previously raised at sentencing in making a determination [regarding jail-time credit]." (Emphasis added.) R.C. 2929.19(B)(2)(h)(iii). Review of the sentencing transcript shows that no errors or concerns about the 210 days suggested by Bryant's counsel were raised during the sentencing. (Nov. 2, 2011 Sentencing Tr. in passim.) Accordingly, the **error** Bryant raises now (that the 210 number did not accurately take into account the history of his pretrial detention) was not raised. Bryant therefore falls within the ambit of the statute and his attempt to obtain an adjustment to jail-time credit should not have been rejected on those grounds.

{¶ 22} The State finally argues that, as this is a successive motion for jail-time credit, it is not saved from res judicata by R.C. 2929.19(B)(2)(h)(iii). (State's Brief at 15-16.) Lines of cases from the Eighth and Eleventh District Courts of Appeals support the proposition that even though R.C. 2929.19(B)(2)(h)(iii) saves motions asserting errors regarding jail-time credit from the initial reach of res judicata, successive motions asserting the same

errors will nonetheless be considered res judicata. *State v. Tapp*, 8th Dist. No. 106904, 2018-Ohio-4120, ¶ 13, quoting *State v. Wilson*, 8th Dist. No. 105535, 2017-Ohio-8068, ¶ 13; *State v. Smith*, 11th Dist. No. 2016-L-107, 2017-Ohio-4124, ¶ 12; *State v. Cretella*, 11th Dist. No. 2018-T-0014, 2018-Ohio-3245, ¶ 8-10; *see also, e.g.*, *State v. Moss*, 11th Dist. No. 2018-A-0101, 2019-Ohio-2167, ¶ 7. This proposition is generally sound.

{¶ 23} However, in the Eighth District case *Tapp*, the trial court considered the substantive merits of the defendant's previously-filed motions for credit, noting that he did not receive the credit he requested because he was serving time on an unrelated case from another county. *Tapp* at ¶ 3-4. In *Wilson*, motions were substantively considered and partially granted. *Wilson* at ¶ 4-7. In *Cretella*, the defendant's initial motion for jail-time credit was substantively considered by both the trial and appellate courts before his successive motion was denied. *Cretella* at ¶ 2, 8-10, citing *State v. Cretella*, 11th Dist. No. 2016-T-0088, 2017-Ohio-2603.[5] By contrast, Bryant's motions for jail-time credit were always dealt with summarily. The trial court has never, even briefly, explained why 210 days was substantively an appropriate credit despite the apparent fact that Bryant was held for nearly one and one-half years after his indictment. *See supra* at ¶ 5-9. While Bryant may not be entitled to multiple bites at the apple, under R.C. 2929.19(B)(2)(h)(iii) and *Thompson*, he is entitled to at least one genuine bite. Res judicata is only to be "applied in particular situations as fairness and justice require, *and * * * is not to be applied so rigidly as to defeat the ends of justice*." (Emphasis sic.) *Davis*, 93 Ohio St.3d at 491. Applying res judicata when the trial court has never performed any substantive review of the evidence is too rigid an application, notwithstanding Bryant's successive motions.

{¶ 24} Bryant's first assignment of error is sustained.

### B. Second Assignment of Error – Whether the Trial Court Erred in Denying Bryant's Motion on the Merits

{¶ 25} Bryant's counsel failed to raise his own potential error when he proposed a total of 210 days of credit. The State requests consideration of invited error and argues that we hold, consistent with that doctrine, that Bryant is foreclosed from asserting an error his counsel induced. (State's Brief at 22.) *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562,

---

[5] In *Moss*, the defendant had not previous filed a motion for jail-time credit and thus the discussion of successive motions was dicta. *Moss* at ¶ 7. In *Smith*, the appeal was on an *Anders* brief, and it is not clear from the Eleventh District's brief recitation of the facts whether or not the trial court substantively considered the defendant's motions for jail-time credit. *Smith* at ¶ 5; *Anders v. California*, 386 U.S. 738 (1967).

¶ 66, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury Div.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus (noting that "a litigant may not 'take advantage of an error which he himself invited or induced' "). Nothing in the record suggests that Bryant's counsel's computation of 210 days of jail time was invited error. Both the State and defense counsel proposed to the trial court at sentencing a number for jail-time credit. Holding mistaken proposals to be invited error work to either discourage assisting the court at sentencing or effectively render mistakes on jail-time credit unreviewable. This Court has therefore generally taken the approach that a failure to raise errors in jail-time credit invokes plain error analysis, rather than the invited error doctrine. *State v. Hunter*, 10th Dist. No. 08AP-183, 2008-Ohio-6962, ¶ 16 (applying plain error analysis to failures to raise errors in jail-time credit calculations); *State v. Williams*, 10th Dist. No. 16AP-540, 2017-Ohio-5598, ¶ 35, fn. 2 (same). In recent cases, the Supreme Court has held that plain error is obvious and carries "a reasonable probability that the error resulted in prejudice," such that the "probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." (Internal quotation marks omitted.) *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, ¶ 130; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 81-83 (2004); *State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, ¶ 218; *State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, ¶ 33; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22.

{¶ 26} As previously discussed in reviewing the first assignment of error, the Ohio Constitution and statutes require that prisoners receive credit for " '*all* time spent in any jail prior to trial and commitment.' " (Emphasis sic.) *Fugate*, 2008-Ohio-856, at ¶ 7, quoting *Workman*, 338 F.Supp. at 901; R.C. 2967.191. Where sentences are consecutive, the full amount of credit should be applied only once against the aggregate prison term for all cases with the result that credit applied to one sentence is deducted from credit to be applied to others to avoid giving double-credit. *Fugate* at ¶ 22; Ohio Adm.Code 5120-2-04(G); *see also State v. El-Amin*, 10th Dist. No. 17AP-439, 2018-Ohio-560, ¶ 12 ("For example, if a person sentenced to two consecutive terms of five years received 300 days of credit, that credit would be fully applied if applied once to the ten-year aggregate sentence. If applied to each of the five-year sentences * * * the consequence would be a 600-day reduction of the total which would, in effect, give the person double credit for time spent in

jail awaiting trial."). Conversely, where sentences are concurrent, the credit is not reduced by credit awards on other cases to avoid negating credit that is due.

> [W]hen a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held. To deny such credit would constitute a violation of the Equal Protection Clause.

*Fugate* at ¶ 22; *see also El-Amin* at ¶ 11 ("For example, if a person sentenced to two concurrent terms of five years received 300 days of credit but that credit were only applied to one sentence, the offender would still serve the entire five years. For such an offender to receive the benefit of the 300 days, the 300 days would have to be credited against both concurrent five-year sentences.").

{¶ 27} Yet, both the Supreme Court and this Court have recognized that a defendant is not entitled to jail-time credit for the time spent being held on pending charges if, at the same time, the defendant was serving a sentence on an unrelated case. *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, syllabus; *State v. Doyle*, 10th Dist. No. 12AP-567, 2013-Ohio-3262, ¶ 20. The rationale for this exception is that R.C. 2967.191 only grants credit to prisoners for the number of days the prisoner was "confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191(A). Thus, if a prisoner is confined for an unrelated case, the prisoner is not confined for a reason "arising out of the offense for which the prisoner was convicted and sentenced." *Id.*

{¶ 28} In Bryant's case, the record discloses that he was confined pretrial for a string of robberies, some of which were prosecuted in Franklin County and some of which were prosecuted in Ross County. (Nov. 2, 2011 Sentencing Tr. at 5 (counsel noting that the matter in Ross County was "part of the same crime spree").) Specifically, the affidavit presented by Bryant avers that he was due to be released from the Scioto County jail when, on May 13, 2010, a Franklin County warrant in the criminal case underlying this appeal caused him to be detained with the result that he was held until he was convicted and sentenced on November 3, 2011—a total of 539 days.[6] (May 13, 2010 Detainer; May 20,

---

[6] Bryant calculates this at 542 days beginning with the May 13, 2010 warrant date upon which he claims to have been detained and proceeding to the date upon which he was transported on November 8, 2011. (Bryant Aff.) This is both substantively and mathematically in error. 18(May 13-31) + 30(June) + 31(July) + 31(Aug.)

2010 Return of Service Executed, filed May 24, 2010; Nov. 3, 2011 Jgmt. Entry; Bryant Aff. at ¶ 1.)  The docket from Bryant's Ross County case shows that a warrant issued in that case on September 24, 2010 and that he was convicted and sentenced on March 16, 2011–a period of 173 days.  (Ross County Docket, Ex. 7, attached to Mar. 6, 2019 Mot. for Credit.)  In addition, an entry from the Pike County Court of Common Pleas attached to Bryant's motion shows that he was bound over from municipal court on April 16, 2010 and that the case was not dismissed until June 17, 2010, after a grand jury failed to indict and the prosecutor failed to show good cause for delay.[7]  (Pike County Entry 2010CR-92, Ex. 8, attached to Mar. 6, 2019 Mot. for Credit.)  This period overlaps the start of the May 13 detainer by a period of 35 days.

{¶ 29} Even assuming both the Ross County and Pike County periods of confinement were unrelated and properly considered independent reasons for Bryant's confinement, they together total only 208 days.  539 days minus 208 days equals 331 days— far more than the 210 for which he was given credit.  Moreover, if (as seems possible given the description of the offenses in the sentencing transcript) this was one wide-ranging robbery spree to support a drug habit, then he may have been concurrently confined for related offenses and may (or may not) have been entitled to have the entire 539 days credited against each of his concurrent sentences here in Franklin County without deduction.  In responding to Bryant's motion for credit, the State has never introduced Bryant's criminal history or shown that he was "serving a sentence on an unrelated case" so as to be undeserving of full credit for his pretrial confinement.  *Cupp*, 2018-Ohio-5211, at syllabus.  Thus, we are left with Bryant's recitation of events as corroborated by the records Bryant chose to file.  Every interpretation of that record, be it parsimonious or generous, shows that Bryant was due considerably more than 210 days of credit.  On that record, it is hard to fathom how the trial court concluded it had "no evidence before it" that Bryant had not been awarded appropriate jail-time credit.  (Apr. 5, 2019 Entry at 2.)  That error is

---

+ 30(Sept.) + 31(Oct.) + 30(Nov.) + 31(Dec.) + 31(Jan.) + 28(Feb.) + 31(Mar.) + 30(Apr.) + 31(May) + 30(June) + 31(July) + 31(Aug.) + 30(Sept.) + 31(Oct.) + 3(Nov. 1-3) = 539.

[7] Taking judicial notice of the fact that Pike County and Scioto County share a north-south border.  It is therefore reasonable to assume (though the record is not explicit) that the Scioto County jail confinement on a "dismissed case" mentioned by Bryant's affidavit was the case dismissed in the Pike County dismissal entry.  *Compare* Bryant Aff. at ¶ 1 *with* Pike County Entry 2010CR-92.

obvious, and it surely affected the outcome; accordingly, it is plain. The trial court should have at least considered it in reaching its judgment.

{¶ 30} Bryant's second assignment of error is sustained.

## IV. CONCLUSION

{¶ 31} Following *Thompson*, R.C. 2929.19(B)(2)(h)(iii) retroactively grants a court discretion to grant a motion for jail-time credit if the alleged error in jail-time credit was not raised at sentencing. Bryant's first assignment of error is thus sustained. We find that Bryant was awarded 210 days of jail-time credit, yet the evidence placed into the record by Bryant showed that he was confined for 539 days of which, at most, 208 days were attributable to other possibly unrelated confinement. In the absence of any evidentiary submission by the State to rebut Bryant's evidence, the trial court plainly erred in concluding that it had "no evidence" that Bryant had not been awarded appropriate jail-time credit. Bryant's second assignment of error is sustained and this matter is reversed and remanded to the Franklin County Court of Common Pleas for further proceedings on the merits of Bryant's request for additional jail-time credit.

*Judgment reversed and cause remanded.*

NELSON, J., concurs in judgment only.
SADLER, P.J., dissents.

NELSON, J., concurring in judgment only.

{¶ 32} I agree with the gist of the lead opinion and the dissent that the issue before us boils down to whether res judicata precludes Bryant from advancing the merits of his jail-time credit claim. Although I agree with the dissent that *Davis v. Wal-Mart* has no application to the facts of this case, and although I believe that a merits decision on a motion for jail-time credit has res judicata effect foreclosing subsequent such motions even if advanced on different rationales, I conclude under our governing precedent that here the trial court lacked jurisdiction to consider Bryant's jail-time credit claims before his 2019 motion and that the summary disposition of his 2013 and 2018 motions did not trigger res judicata. I therefore agree with what I understand to be the instruction of the lead opinion that this matter should be remanded to permit the trial court to consider what additional jail-time credit, if any, Bryant is due.

{¶ 33} In his August 17, 2018 jail-time credit motion, Bryant cited extensively from our then-prevailing decision in *Gibson I*, in which we had said that a motion made to correct jail-time credit pursuant to R.C. 2929.19(B)(2)(h)(iii) does not need to provide evidence that the claimed error was not raised at sentencing. *See State v. Gibson,* 10th Dist. No. 17AP-200, 2017-Ohio-7254 ("*Gibson I*"). But that was wrong, as our court concluded on en banc reconsideration.

{¶ 34} Vacating *Gibson I*, *Gibson II* made clear on February 7, 2019 that **"because [the appellant there] did not produce any evidence with his motion to support a finding that the alleged error in jail-time credit was not raised at sentencing, the trial court correctly determined that it did not have jurisdiction to consider the motion."** *State v. Gibson*, 10th Dist. No. 17AP-200, 2019-Ohio-383, ¶ 26 (emphasis added). Thus, and again, our rule of law is that the trial court lacks jurisdiction even to consider the motion where the movant has not met "the burden of producing evidence with the motion to establish [that] the alleged error in jail-time credit was not previously raised at sentencing." *Id.* at ¶ 25, 26.

{¶ 35} In the interim between *Gibson I* and *Gibson II*—after Bryant had filed his August 2018 motion, but *before* it was denied as "not well taken," with the trial court noting that it "does not establish that the issue of jail-time credit was 'not previously raised at sentencing,' pursuant to R.C. 2929.19(B)(2)[h](iii)," *see* October 1, 2018 Entry—we had affirmed in a different case a trial court's dismissal of a jail-time credit motion where "without a [sentencing] transcript, [the movant had] 'failed to invoke the jurisdiction' " of the trial court under the 2012 statute: " 'Because the common pleas court had no jurisdiction to grant that relief, the motion was subject to dismissal,' " and therefore we upheld the trial court's decision overruling the motion. *State v. Williams*, 10th Dist. No. 17AP-552, 2018-Ohio-3682, ¶ 7 (citation omitted) (also noting at ¶ 9 that the mere fact of a stipulation at sentencing as to jail-time credit does not reflect that any credit error was raised at sentencing).

{¶ 36} Presumably for that jurisdictional reason, we also "emphasized" in strong if perhaps extraneous dicta in *Williams* "that res judicata does not prevent Williams from refiling the motion." *Id.* at ¶ 8. Bryant cited that counsel when he filed his motion here to dismiss his 2018 appeal in the week after we issued *Gibson II*. His 2018 motion had not

provided the evidence that *Gibson II* teaches is necessary to vest the trial court with jurisdiction to consider such a motion, he noted, and, he further observed, we said in *Williams* that a credit motion made, appealed, and lost on that basis does not preclude the filing (and presumably the consideration of) of a subsequent motion as supplemented by a sentencing transcript; he "[t]herefore, in the interest of judicial economy, * * * move[d] to voluntarily dismiss [that 2018] appeal, as he will be refiling his jail-time credit motion with the trial court and including his sentencing transcripts." February 14, 2019 Motion for Voluntary Dismissal in 18AP-807. We granted his motion for voluntary dismissal. February 28, 2019.

{¶ 37} Bryant—whose filings in connection with his 2018 motion were explicitly informed by this court's decisions in *Gibson I* (while it was still on the books) and then *Williams*—then did on March 6, 2019 file with the trial court his motion for jail-time credit, accompanied this time by the sentencing transcript as well as by other materials relating to time calculation. It is the trial court's denial of that motion, principally as "barred by *res judicata*," April 17, 2019 Entry, that we review here. (I agree with the lead opinion that on its face and under our precedent in *Williams*, the transcript at least on its own tends to suggest that the trial court had and will have jurisdiction over the 2019 motion in that the transcript appears to reflect that no credit "error [was] * * * previously raised at sentencing." *See* R.C. 2929.19(B)(2)(h)(iii); *Williams* at ¶ 9 [sentencing stipulation as to jail credit "suggests that no error at all was raised"]. I might be of a different mind if a transcript were to reflect implicit acknowledgment of credit error by making the credit itself part of a plea and "agreed sentence" arrangement).

{¶ 38} The trial court's post-*Williams* denial of Bryant's 2018 motion flagged the jurisdictional defect, as subsequently underscored by *Gibson II*, that the motion did "not establish that the issue of jail-time credit was 'not previously raised at sentencing,' pursuant to R.C. 2929.19(B)(2)[h](iii)." October 1, 2018 Entry. The motion " 'failed to invoke the jurisdiction' " of the court, *Williams*, 2018-Ohio-3682, at ¶ 7, so the trial court "did not have jurisdiction to consider the motion," *Gibson II* at ¶ 26.

{¶ 39} A denial grounded in lack of jurisdiction does not have res judicata effect other than on the jurisdictional issue. "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim

arising out of the transaction or occurrence that was the subject matter of the previous action.' However, the dismissal of an action on the basis of the lack of subject matter jurisdiction operates as a judgment other than on the merits. Civ.R. 41(B)(4). Accordingly, 'a dismissal for lack of jurisdiction is not res judicata to a subsequent action.' " *Heller v. Pre-Paid Legal Servs.*, 9th Dist. No. 26376, 2013-Ohio-680, ¶ 18 (citations omitted). *See also, e.g., State ex rel. Schneider v. Bd. of Edn.*, 39 Ohio St.3d 281, 282-83 (1988) (quoting Civ.R. 41(B)(4)(a) that " '[a] dismissal * * * for lack of jurisdiction over the person or the subject matter * * * shall operate as a failure otherwise than on the merits,' " and noting that a judgment based on lack of jurisdiction "is not res judicata to the instant action"). " 'This rule reflects "the policy of the Civil Rules that dismissal of an action for want of jurisdiction * * * does not bar the commencement of a new action on the same claim if the defect is cured." ' " *Keeley v. Croft*, 7th Dist. No. 14 BE 45, 2015-Ohio-2096, ¶ 17, quoting *Diagnostic & Behavioral Health Clinic, Inc. v. Jefferson Cty. Mental Health, Alcohol and Drug Addiction Bd.*, 7th Dist. No. 01 JE 5, 2002-Ohio-1567, ¶ 11, quoting *Baldwin's Civil Practice*, Section 41-36, at 233.

{¶ 40} The trial court recognized the " 'not previously raised at sentencing' " evidentiary factor that deprived it of jurisdiction to consider Bryant's 2018 motion, and its summary denial of the 2013 motion as "meritless" should not be read to suggest that the court mistakenly was assuming jurisdiction to consider the substance of the motion then either. *See* August 12, 2013 Entry. Bryant's 2013 motion, like his 2018 motion, provided no evidence to show that a claimed error in jail-time credit had not previously been raised at sentencing. March 15, 2013 Motion for Pre-Trial Jail Time Credit. Therefore, the trial court "did not have jurisdiction to consider the motion." *Gibson II*, 2019-Ohio-383, at ¶ 26. Like the insufficient 2018 motion, the 2013 motion had to be dismissed and does not trigger res judicata. And one appropriately presumes that the trial court observed the jurisdictional constraints on its authority in summarily dismissing Bryant's 2013 motion.

{¶ 41} Guided by controlling precedent from which I conclude that res judicata did not foreclose Bryant's 2019 motion, I respectfully concur in the judgment of the lead opinion that remands the motion to the trial court for "proceedings on the merits of Bryant's request for additional jail-time credit," to determine what additional jail-time credit, if any, he is due under the facts of this matter.

SADLER, P.J., dissenting.

{¶ 42} Finding res judicata applies to Bryant's motion for jail-time credit, I would overrule his two assignments of error and affirm the judgment of the trial court. Because the lead and concurring opinions find otherwise and reverse the trial court's judgment, I respectfully dissent.

{¶ 43} In denying Bryant's third motion for jail-time credit, the trial court found as follows:

> Upon review, the Court finds Defendant's instant motion for Jail Time Credit is barred by *res judicata*, * * * this is his third such motion, and the previous two were denied by this Court in 2013 and 2018, respectively. The merits of those denials were neither reviewed nor reversed by the Tenth District Court of Appeals, and the time for such appellate review has passed.

(Emphasis sic.) (Apr. 5, 2019 Jgmt. Entry at 1.)

{¶ 44} The application of res judicata as a bar to successive motions for jail-time credit was discussed by the Eleventh District Court of Appeals in *State v. Guiterres*, 11th Dist. No. 2015-T-0116, 2016-Ohio-5572. In *Guiterres*, a case decided under similar circumstances to those presented herein, the Eleventh District set out and applied the prevailing rule as follows:

> In cases in which the defendant has filed multiple postconviction motions for additional jail-time credit, this court has followed the doctrine to bar consideration of the issue in an appeal from the denial of the second motion. *State v. Kleiner*, 11th Dist. Geauga No. 2012-G-3077, 2012-Ohio-5933, ¶ 14; *State v. Caldwell*, 11th Dist. Lake No. 2004-L-173, 2005-Ohio-6149, ¶ 10. The basis for the holding is that, since the "credit" issue could have been fully litigated in a direct appeal from the trial court's ruling on the first motion, that ruling is considered final and binding for all purposes. *Kleiner*, at ¶ 14.
>
> In this case, both of appellant's motions for additional jail-time credit stated that he was entitled to 240 days of additional credit covering the period he was held in the county jail from June 2013 until February 2014. Although appellant's second motion raised a new argument as to why he was entitled to the credit, res judicata covers any point or argument that either was or *could have been raised* during the first proceeding on the issue. *Caldwell*, at ¶ 9, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233, syllabus. Therefore,

in order to properly place the "credit" issue before this court for review, appellant was required to appeal the trial court's April 20, 2015 judgment, in which his first "credit" motion was overruled. Since this appeal is from the June 8, 2015 judgment on the second motion for additional credit, res judicata bars consideration of appellant's sole assignment.

(Emphasis sic.)  *Id.* at ¶ 11-12.

{¶ 45} The lead opinion acknowledges there are a number of appellate court decisions that have considered the application of res judicata as a bar to a successive motion for jail-time credit, and all those cases have held the doctrine precludes substantive review of the successive motion. *State v. Tapp*, 8th Dist. No. 106904, 2018-Ohio-4120, ¶ 13; *State v. Wilson*, 8th Dist. No. 105535, 2017-Ohio-8068, ¶ 13; *State v. Smith*, 11th Dist. No. 2016-L-107, 2017-Ohio-4124, ¶ 12; *State v. Cretella*, 11th Dist. No. 2018-T-0014, 2018-Ohio-3245, ¶ 8-10; *State v. Moss*, 11th Dist. No. 2018-A-0101, 2019-Ohio-2167, ¶ 7. *See also State v. Davis*, 11th Dist. No. 2017-P-0074, 2018-Ohio-2584, ¶ 14 ("After the trial court denied appellant's first motion for additional jail-time credit, he had the opportunity to fully contest that decision in an appeal to this court. He did not. Therefore, res judicata bars him from raising the same issue in a successive motion or in an appeal from a successive motion."); *State v. Watson*, 11th Dist. No. 2017-T-0047, 2017-Ohio-8631, ¶ 9 ("After the trial court denied appellant's first motion for additional jail-time credit, he had the opportunity to fully contest that decision in an appeal to this court. Therefore, res judicata bars him from raising the same issue in successive motions or in an appeal from one of those motions."). I agree with the reasoning employed by this line of cases, and for the reasons set forth in those cases, I would hold res judicata barred substantive review of Bryant's third motion for jail-time credit in this case.

{¶ 46} The lead opinion attempts to distinguish this line of cases by asserting that the trial court decisions in some of those instances made an effort to address the merits of the jail-time credit issue presented. I do not believe this a valid basis for distinguishing the long line of cases cited by the State in this matter. As noted in the lead opinion, Bryant failed to appeal the denial of his first motion for jail-time credit and voluntarily dismissed his appeal from the trial court's denial of his second motion for jail-time credit. If Bryant believed the trial court erred by failing to fully consider the merits of his claim for additional credit when it denied his motions, Bryant could have raised that issue in a timely filed

appeal to this Court.[8]  Bryant chose not to do so.  With regard to the ruling on Bryant's third motion for jail-time credit, I do not believe the trial court was under any obligation to conduct an exhaustive analysis of the merits of Bryant's claim for additional jail-time credit, given the fact that the claim was so clearly barred by res judicata.

{¶ 47}  As support for reversal of the trial court decision, the lead opinion also relies on *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001), in concluding the application of res judicata would " ' "defeat the ends of justice." ' "  *Id.*, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 386 (1995) (Douglas, J., dissenting), quoting 46 American Jurisprudence 2d, Judgments, Section 522, at 786-87 (1994).  (*See also* Lead Opinion at fn. 3.)  In my view, the narrow exception to res judicata announced in *Davis* has no application to the facts of this case.

{¶ 48}  In *Davis*, the wife of a fatally injured worker commenced a wrongful death action against decedent's employer, Wal-Mart Stores, Inc. ("Wal-Mart").  After a jury rendered a judgment in Davis's favor on her intentional tort claim, Davis learned that Wal-Mart had withheld evidence and presented perjured testimony from several Wal-Mart employees.  When Davis filed a new action alleging Wal-Mart's spoliation of evidence had led her to dismiss her survivor claim and reduced her damage award, the trial court granted Wal-Mart's motion for summary judgment on res judicata grounds.

{¶ 49}  The appellate court reversed the trial court's judgment in concluding the claim of tortious interference with evidence and the claim of intentional tort did not arise out of the same set of operative facts, thus precluding res judicata.  A discretionary appeal was taken to the Supreme Court of Ohio.  In addition to agreeing with the appellate court's conclusion that res judicata did not apply to the two separate claims, the *Davis* court noted: "There is something wrong with a legal doctrine that could be used in a situation like the one before us to reward a party for misrepresenting or destroying evidence. * * * *Given the facts of this case*, Wal-Mart will not be shielded by *res judicata*."  (Emphasis added and sic.)  *Id* at. 491.  In affirming the appellate court's judgment, the court further observed that "*res judicata* is not a shield to protect the blameworthy."  (Emphasis sic.)  *Id*.

---

[8] Though the State asserted res judicata as a basis for denying Bryant's second motion for the same jail-time credit, the trial court did not rely on the doctrine in denying the motion.

{¶ 50} Here, Bryant's trial counsel agreed he was entitled to 210 days of jail-time credit with full knowledge that Bryant had served some portion of his Franklin County jail time concurrent to the Ross County charges.[9]  Bryant subsequently filed a motion for additional jail-time credit but failed to appeal the trial court's denial of the motion.  Five years later, Bryant filed a second motion for jail-time credit and when the trial court denied the motion, Bryant filed a notice of appeal to this court.  Bryant, however, dismissed his appeal voluntarily.

{¶ 51} When Bryant filed his third motion for the same jail-time credit, the trial court determined that res judicata barred the motion.  Neither the trial court nor the State can be blamed for Bryant's failure to obtain appellate review of the denial of his two prior motions for jail-time credit.  The circumstances of this case are not like those presented to the court in *Davis*, 93 Ohio St.3d 488, and, in my view, the limited exception to res judicata announced in *Davis* has no application to this case.  There is nothing unfair about applying res judicata in a case such as this where the alleged injustice is self-perpetuated.  *Davis*, 2018-Ohio-2584, at ¶ 14; *Watson*, 2017-Ohio-8631, at ¶ 8.  *See also Brown v. Dayton,* 89 Ohio St.3d 245 (2000) (emphasis sic) ("Appellees should have sought a stay of the trial court's judgment pending their appeal to the appellate court. * * * Thus, any 'injustice' was self-perpetuated and certainly does not rise to the level of nullifying *res judicata*.").  In my view, there is no equitable impediment to the application of res judicata in this case, and the trial court correctly applied the doctrine as a bar to Bryant's third motion for jail-time credit.

---

[9] The record in this case does not disclose whether or how many days of jail-time credit were awarded in the Ross County case.  The transcript of Bryant's sentencing hearing on the Franklin County charges contains the following colloquy between Bryant's trial counsel and the court:

> MR. FRISCOE:  * * * As I calculate he has 210 days of credit attributed to this case.  There is another matter in Ross County that was addressed in that case.
> THE COURT:  Have there been discussions in Ross County?  Has he been sentenced in Ross?
> MR. FRISCOE:  He's been sentenced in Ross County, he received a six-year sentence there and a credit at this point is close to another year I think on that.  This is all part of the same crime spree.

(Nov. 2, 2011 Sentencing Hearing Tr. at 4-5.)

{¶ 52}  For the foregoing reasons, I would hold that the trial court did not err when it denied Bryant's motion for jail-time credit.  Accordingly, I would overrule Bryant's two assignments of error and affirm the judgment of the trial court.

_____